PROSPECT (Village), v. OHIO POWER COMPANY and OHIO EDISON COMPANY.

Public Utilities Commission.

No. 27588.   Decided June 26, 1958.

## FINDING AND ORDER WITH RESPECT
## TO THE DEMURRER AND MOTION

The Commission coming now to consider the above-entitled matter; its previously issued Entry of February 13, 1958; the Demurrer filed on behalf of the Ohio Edison Company; the Motion filed on behalf of the Ohio Power Company; the Reply to said pleadings filed on behalf of the Village of Prospect; and being otherwise fully advised in the premises, hereby renders the following Opinion:

**Nature of This Proceeding:**

Under date of February 21, 1958, the Board of Public Affairs of the Village of Prospect, Ohio, filed a pleading with this Commission. Such pleading alleged that said Village is presently buying electric energy for resale from the Ohio Edison Company, and that it now desires to terminate this arrangement and to secure service from the Ohio Power Company. The Village prayed for an Order of this Commission directing the Ohio Power Company to institute service to said Village in accordance with the terms of that latter utility's "Standard" Municipal Resale Power Rate as contained in its schedule of rates on file with this Commission.

The pleading, filed on behalf of the Village of Prospect, was docketed by this Commission as a Formal Complaint, and by its Entry of February 13, 1958, this Commission served copies of the same upon both the

Ohio Edison Company and the Ohio Power Company, and required written Answers within fifteen days.

Under Date of February 28, 1958, the said Ohio Edison Company filed a Demurrer to the pleading, raising the question of the jurisdiction of this Commission to grant the relief prayed for.

Under date of March 1, 1958, the said Ohio Power Company filed a Motion for Dismissal of the case, also challenging the jurisdiction of the Commission to entertain the Complaint filed by the Village.

Under date of March 28, 1958, the Counsel for the Village of Prospect filed a Memorandum Contra to the respective Demurrers of the two Respondent utilities.

Under date of April 15, 1958, the said Ohio Power Company filed its Memorandum Contra to the Brief of the Village.

**Commission Discussion:**

The Commission has reviewed the well prepared and informative pleadings and Briefs filed by Counsel in this matter. It has likewise examined the statutes and case law in point. An administrative body, it may generally be assumed, is reluctant to deny its jurisdiction of any matters directly allied with its field of regulation; however, in this instance, an examination of the statutory and judicial authorities clearly suggests that the jurisdiction of this Commission is tenuous, at best.

This Commission is not unattentive to the problem being faced by the Village of Prospect in this connection: It owns and operates a distribution system for electric energy; it does not produce any electric power and must, perforce, purchase its entire supply of electric energy at wholesale for ultimate resale through its distribution system; and its present and seemingly only source of supply of electric power is the Ohio Edison Company, which has itself or through predecessor companies served the Village of Prospect for a number of years under private contractual arrangements.

The parties are presently unable to agree on a future contract. The Village of Prospect alleges that the existing inability to agree is attributable, chiefly, to the demand of Ohio Edison that three new provisions be inserted in any future contracts, said provisions being cited by the Village to prescribe the following:

"(a) That the Village of Prospect be required to lease or purchase the transformers presently used by the Ohio Edison Company in rendering service on the sale of electric energy for resale to the said Village.

"(b) That the metering of all electric energy sold in the future should lie on the company side of said meters, thus, causing the Village to incur any energy losses involved in passing through such transformers. This loss is presently borne by the company.

"(c) The Ohio Edison desires to reserve to itself the right to serve all customers who demand more than a 75 KVA load within the confines of any territory served by the Village of Prospect. . ."

The Village, likewise, complains that Ohio Edison insists that all future contracts be for short duration (two years), to which proposal, the Village of Prospect objects.

In this situation, the Village of Prospect has sought service from the Ohio Power Company and has been refused. It finds that Ohio Power Company has its facilities located within 2.7 miles of the Village. It further finds that the Ohio Power Company's tariff or its existing contracts with municipalities such as Prospect are more attractive, ratewise, than the rates available through its present supplier, The Ohio Edison Company. The Ohio Power Company, however, has consistently refused to render service and asserts that Prospect is not situated within the operating area which Ohio Power purports to serve.

Upon this state of facts, many of which give rise to equities and considerations favorable to the Village, the Commission finds its statutory authority so limited as to leave it without power to grant relief.

The fundamental jurisdiction of this Commission in this regulatory area is set forth in §§4905.02 and 4905.03 R. C., the pertinent provisions of which read as follows:

"Sec. 4905.02 R. C.—As used in §§4905.01 to 4905.64, inclusive, R. C. 'public utility' includes every corporation, company, co-partnership, person or association, their lessees, trustees or receivers, defined in §4905.03 R. C., including all telephone companies but excepting such other public utilities as operate their utilities not for profit, such other public utilities as are owned or operated by any municipal corporation, and railroads as defined in §§4907.02 and 4907.03 R. C. (Emphasis supplied.)

"Sec. 4905.03 R. C.—As used in §§4905.01 to 4905.64, inclusive, R. C. (A) any person, firm, co-partnership, voluntary association, joint stock associations, company, or corporation, where ever organized or incorporated is: . . . . .

"(4) An electric light company when engaged in the business of supplying electricity for light, heat, or power purposes to consumers within this state." (Emphasis supplied.)

It may be argued with effect that since the instant Complaint here involved does not pertain to a sale "to consumers" but, rather to a sale for the express purpose of resale, this Commission lacks jurisdiction over the parties and the transaction. It is a well-established and substantially axiomatic legal principle that this Commission, being a creature of statute, is totally devoid of implied powers. Thus, it has no powers other than those expressly granted by legislative enactments.

This appears, therefore, to be a matter which may well be entirely outside the area of regulation and within the purview of private contract.

The Commission may well sympathize with the contention of the Village to the effect that the "benefits" of the so-called "home-rule" powers "(Article XVIII, Ohio Constitution)" so eloquently outlined by the Ohio Edison in its Brief, are, when applied to this situation, illusory at best. (See page 6 of the Brief of the Village.) By reason of this jurisdictional hiatus, the Village of Prospect appears to have but two alternatives: (1) either reach a contract agreement with its present supplier, Ohio Edison or (2) invest in facilities to produce its own electric power.

In any event, it would appear that it is not necessary for this Commission to pass upon the basic jurisdictional issue at this time. Even

should it be determined that this Commission is possessed of jurisdiction over the instant matter of resale of electric energy, the applicable statutes do not confer appropriate authority upon the Commission to require the Ohio Power Company to institute service to the Village of Prospect. This anomalous situation arises by reason of the recently enacted §4905.261 **R. C.**, which was purportedly enacted by the General Assembly in 1953 to preclude the unnecessary duplication of electric facilities within this State. Such statute provides that, whenever a public utility proposes to furnish its electric energy **to a consumer already being served**, that the existing utility company rendering such service may appeal to this Commission, protesting the proposed change in service. If, after hearing, the Commission is of the opinion that the complaining public utility has been furnishing or will furnish an adequate service to the consumer, and if a duplication of facilities is involved, the Commission must order the new public utility not to furnish the service proposed. Service deficiencies are not in issue in this proceeding, thus, assuming jurisdiction to exist, the Commission is without authority, by virtue of this new statutory enactment, to require the Ohio Power Company to duplicate these electric service facilities already available to the Village of Prospect through the facilities of Ohio Edison Company.

Whatever may be the legal or equitable remedies available to the Village of Prospect, they do not lie with Complaint to the Public Utilities Commission. Hence, if a problem is evinced herein as alleged by the Village, its ultimate solution may well be with the legislature and appropriately conceived remedial legislation.

The Commission finds the Demurrer and the Motion to be well made and that the same should be sustained.

**Ultimate Findings**

From all of the pleadings filed in connection therewith, the Commission makes the following Ultimate Findings:

(1) That the Village of Prospect has filed with this Commission a pleading in which it asks this Commission to order the Ohio Power Company to supply the Village electric energy for resale;

(2) That the Ohio Power Company and the Ohio Edison Company have each filed pleadings wherein they challenge the jurisdiction of this Commission to grant the relief ordered; and

(3) The respective Demurrer of the Ohio Edison and the Motion of Ohio Power are well-made, and should be sustained insofar as this Commission is without apparent jurisdiction, by virtue of the provisions of §4905.261 **R. C.**, to order Ohio Power Company to duplicate the existing facilities of the Ohio Edison Company for the sale of electric energy to the Village of Prospect for resale through the distribution facilities of such Village.

ORDER

It is, therefore

ORDERED, That the Demurrer of Ohio Edison and the Motion of Ohio Power should be, and the same hereby are, sustained and that this Complaint should be, and the same hereby is, dismissed.

THE PUBLIC UTILITIES COMMISSION OF OHIO

Entered in Journal
June 26, 1958
A true copy:
W. E. Herron, Secretary

Everett H. Krueger, Jr., Chairman
Ralph A. Winter
Edward J. Kenealy
          Commissioners